# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Ramona LaRue, Inc. and Arianne Brown, | CASE NO. 1:23-cv-16743 |
| Plaintiffs, | Judge: Hon. Jorge L. Alonso |
| v. | |
| Roadget Business PTE. Ltd. and Shein Distribution Corp., | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. (12)(b)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME

## <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION ................................................................................................... 1

II. RELEVANT BACKGROUND ............................................................................. 2

    A. SDC Moved to Dismiss LaRue's Deficient Complaint in *LaRue I* ........................ 2

    B. Plaintiffs Filed *LaRue II* The Day Before The Status Conference On
    SDC's Motion to Dismiss in *LaRue I* .................................................................. 3

    C. LaRue's Alleged Copyrights in Photographs ........................................................ 4

    D. Ms. Brown's Alleged Modeling Work .................................................................. 5

    E. The Accused Images ............................................................................................. 5

III. THE COMPLAINT VIOLATES THE RULE AGAINST CLAIM SPLITTING ............. 6

    A. Legal Standard ..................................................................................................... 6

    B. The Complaint Violates The Rule Against Claims Splitting ................................ 9

IV. MS. BROWN CANNOT STATE A CLAIM FOR VIOLATION OF A RIGHT OF
PUBLICITY ............................................................................................................ 10

    A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss ....................................... 10

    B. The Accused Images Do Not Plausibly Identify Ms. Brown ............................... 11

V. MS. BROWN HAS NO CLAIM FOR PUNITIVE DAMAGES ................................... 13

VI. CONCLUSION ....................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Almeida v. Amazon.com, Inc.*,
    456 F.3d 1316 (11th Cir. 2006) ................................................................................11

*Anderson v. Guaranteed Rate, Inc.*,
    Case No. 13-cv-431, 2013 WL 2319138 (N.D. Ill. May 28, 2013) ..........................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................10

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
    575 U.S. 138 (2015) ..................................................................................................7

*Bankest Imports, Inc. v. ISCA Corp.*,
    717 F. Supp. 1537 (S.D. Fla. 1989) .........................................................................14

*Bell v. Taylor*,
    827 F.3d 699 (7th Cir. 2016) .....................................................................................7

*Brown v. City of Chicago*,
    771 F.3d 413 (7th Cir. 2015) .................................................................................7, 8

*Coton v. Televised Visual X-Ography, Inc.*,
    740 F. Supp. 2d 1299 (M.D. Fla. 2010) ..................................................................14

*Czarniecki v. City of Chicago*,
    633 F.3d 545 (7th Cir. 2011) ............................................................................7, 8, 9

*Digital Dynamics Soft., Inc. v. Eclipse Gaming Sys., LLC*,
    Case No. 18-cv-892, 2018 WL 2563378 (N.D. Ill. June 1, 2018) .......................7, 8

*Eggs v. Rembrandt Enters.*,
    953 F.3d 998 (7th Cir. 2020) .....................................................................................7

*Epic Metals Corp. v. Condec, Inc.*,
    867 F. Supp. 1009 (M.D. Fla. 1994) ..........................................................11, 12, 13

*Huon v. Denton*,
    841 F.3d 733 (7th Cir. 2016) ...................................................................................10

*Kim v. Sara Lee Bakery Grp., Inc.*,
    412 F. Supp. 2d 929 (N.D. Ill. 2006) ........................................................................7

*Lane v. MRA Holdings, LLC*,
    242 F. Supp. 2d 1205 (M.D. Fla. 2002) ..................................................................11

*Muhammad v. Oliver*,
    547 F.3d 874 (7th Cir. 2008) .....................................................................................6

*Nalco Co. v. Chen*,
    843 F.3d 670 (7th Cir. 2016) .................................................................................6, 7

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) ................................................................11

*Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
  975 F. Supp. 2d 920 (N.D. Ill. 2013) ....................................................10

*Porter v. Ogden, Newell & Welch*,
  241 F.3d 1334 (11th Cir. 2001) ............................................................14

*Ramona LaRue, Inc. v. The Entities and Individuals Identified in Annex A*,
  Case No. 1:23-cv-06177 (N.D. Ill.) .........................................................1

*Scholz v. United States*,
  18 F. 4th 941 (7th Cir. 2021) ............................................................7, 9

*Scholz v. United States*, Case No. 19-cv-1074, 2020 WL 3051565, at *1 (E.D.
  Wis. June 8, 2020), *aff'd*, 18 F.4th 941 (7th Cir. 2021)...........................7

*Serlin v. Arthur Andersen Co.*,
  3 F.3d 221 (7th Cir. 1993) .....................................................................8

*Sommerfield v. City of Chicago*,
  Case No. 08-cv-3025, 2013 WL 4047606 (N.D. Ill. Aug. 9, 2013) .........8

*Svendsen v. Ill. Dep't of Pub. Health*,
  Case No. 22-cv-1269, 2023 WL 1771240 (C.D. Ill. Feb. 3, 2023) ........10

*Taiwan Semiconductor Mfg. Co., Ltd. v. Tela Innovations, Inc.*,
  Case No. 14-cv-00362, 2014 WL 3705350 (N.D. Cal. July 24, 2014)...................15

*Tellabs v. Makor Issues Rights*,
  551 U.S. 308 (2007)..............................................................................10

*Valentine v. C.B.S., Inc.*,
  698 F.2d 430 (11th Cir. 1983) ..............................................................11

*Vitalgo, Inc. v. Kreg Therapeutics, Inc.*,
  Case No. 16-cv-5577, 2017 WL 1163741 (N.D. Ill. Mar. 29, 2017)................7, 8

*Williamson v. Curran*,
  714 F.3d 432 (7th Cir. 2013) ................................................................10

*Young v. Greystar Real Estate Partners*,
  Case No.: 3:18-cv-02149, 2019 WL 4169889 (S.D. Cal. Aug. 31, 2019)..............12

**State Cases**

*Coronado Condo. Ass'n, Inc. v. La Corte*,
  103 So. 3d 239 (Fla. 3d DCA 2012) .....................................................14

*Loft v. Fuller*,
  408 So. 2d 619 (Fla. 4th DCA 1981) .....................................................11

*Pinnacle Prop. Mgmt. Servs. v. Forde*,
  372 So. 3d 292 (Fla. 4th DCA 2023) ...............................................13, 14

*WFTV, Inc. v. Hinn*,
   705 So. 2d 1010 (Fla. 5th DCA 1998) ....................................................................13

**State Statutes**

Fla. Stat. § 540.08 ............................................................................................6, 10, 14

Fla. Stat. § 540.08(2) ...............................................................................................13

Fla. Stat. § 540.08(4)(c) ..........................................................................................11

Fla. Stat. § 768.72 ....................................................................................................13

Fla. Stat. § 768.72(3) ...............................................................................................13

**Rules**

Fed. R. Civ. P. 4(m) ...............................................................................................2, 9

Fed. R. Civ. P. 12(b)(5) ...............................................................................................2

Fed. R. Civ. P. 12(b)(6) ...............................................................................2, 6, 9, 10

Fed. R. Civ. P. 15(a)(1)(B) ..........................................................................................3

## I.     <u>INTRODUCTION</u>

Plaintiffs Ramona LaRue, Inc. ("LaRue") and Arianne Brown ("Brown" and collectively with LaRue, "Plaintiffs") engaged in blatant forum shopping and wasteful claim splitting by filing this duplicative suit.  The claims asserted in this action arise out of the same copyright registrations and photographs purportedly owned by LaRue about the same alleged display of purportedly copyright infringing images in product listings on the same website , and asserted against the same defendants as the earlier-filed *Ramona LaRue, Inc. v. The Entities and Individuals Identified in Annex A*, Case No. 1:23-cv-06177 (N.D. Ill.) ("*LaRue I*").

The timing of Plaintiffs' filing makes clear its purpose. Defendant Shein Distribution Corporation ("SDC") filed a motion to dismiss *LaRue I*. On the *day before* LaRue expected the Court to rule on SDC's motion to dismiss in *LaRue I*, without notice to either the Court or SDC, Plaintiffs silently filed this case ("*LaRue II*") hoping for a fresh start before a potentially more sympathetic judge. While LaRue opposed SDC's motion in *LaRue I* by claiming that it had unearthed other copyright infringing listings on the same site during the ensuing months since the filing of that complaint, it made no effort to amend its complaint to assert those related claims and listings or join Ms. Brown or Defendant Roadget Business Pte. Ltd. ("Roadget") during the many months since that purported discovery. When Defendants moved to reassign this case back to the judge overseeing *LaRue I*, Plaintiffs baselessly opposed that motion too. Plaintiffs' textbook claim splitting, judge shopping, and gamesmanship should not be tolerated, and the Complaint should be dismissed on this basis alone.

The only claim asserted here but not in *LaRue I*, a claim for violation of a statutory right of publicity under Florida law by Ms. Brown, is meritless on its face. Ms. Brown is identifiable in *none* of the images in the complaint, which depict only generic back and body shots of a featureless woman. Ms. Brown also does not and cannot plausibly allege that her name, portrait, photograph,

or likeness, as opposed to a generic image of a woman wearing the product being sold (which Plaintiffs do not claim the exclusive right to sell), was commercially exploited on us.shein.com. Finally, Ms. Brown's claim for punitive damages pursuant to Florida law must be dismissed or, in the alternative, stricken, because Ms. Brown fails to allege any intentional or willful misconduct by an employee of Defendants whatsoever.

## II.    RELEVANT BACKGROUND

### A.    SDC Moved to Dismiss LaRue's Deficient Complaint in *LaRue I*

This is not the first suit filed by LaRue against Defendants arising out of the copyright registrations and photographs alleged in this Complaint (the "*LaRue II* Registrations") or the display of images on us.shein.com. LaRue first filed *LaRue I* on November 7, 2022, against over 170 unnamed doe defendants, including, according to LaRue, Defendants Roadget Business Pte. Ltd. ("Roadget") and Shein Distribution Corporation's ("SDC") (collectively "Defendants") (whom LaRue identified as Doe 167). In *LaRue I*, LaRue alleged that Doe 167 displayed images in product listings on us.shein.com without LaRue's authorization, and that the displays infringed LaRue's copyrights in registered collections of published photographs (the "*LaRue I* Registrations"). *See LaRue I*, Dkt. 1 ¶¶ 12, 35. Approximately 80% of the registrations asserted in *LaRue I* and *LaRue II* overlap. Approximately forty underlying photographs from the registered collections generally alleged in *LaRue I* are reasserted in *LaRue II*,[1] based on product listings Plaintiffs purportedly became aware of just a few months after filing *LaRue I*. LaRue made no

---

[1]    *Compare LaRue II* Compl. ¶¶ 29-46, 49 *with LaRue I* "Summary of Copyright Registrations," Dkt. 1-1 at 12 of 116 (photographs ending in 053.jpg, 057.jpg), 15 (046.jpg), 22 (002.jpg), 23 (032.jpg), 25(107.jpg), 39 (36.jpg), 48 (055.jpg), 49 (061.jpg), 50 (03.jpg), 53 (12.jpg), 56 (27.jpg, 29.jpg), 70 (047.jpg), 71 (052.jpg), 74 (069.jpg), 75 (074.jpg, 076.jpg), 76 (086.jpg, 087.jpg), 81 (112.jpg), 82 (114.jpg), 86 (135.jpg), 89 (151.jpg), 90 (152.jpg), 91 (155.jpg), 92 (158.jpg), 93 (161.jpg, 162.jpg, 164.jpg), 94 (166.jpg, 167.jpg), 101 (201.jpg), 102 (208.jpg), 103 (209.jpg), 104 ("Ertepinksunflower1.jpg"), 114 ("Taradragonfly1.jpg," "Taradragonfly3.jpg"), 115 ("Taratigerstripes1.jpg," Taratigerstripes2.jpg").

effort to contact or serve SDC with a copy of the complaint and summons in *LaRue I* for over six months.

On October 9, 2023, SDC moved to dismiss the *LaRue I* complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) because SDC was not served within ninety days of the filing of the complaint as Federal Rule of Civil Procedure 4(m) requires, and because Plaintiff improperly engaged in vague, collective pleading and failed to plausibly allege access or substantial similarity. *LaRue I*, Dkt. 157.

The deadline to file an amended pleading against Defendants in *LaRue I* without leave of court was October 29, 2023, twenty-one days after SDC filed and served its motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B); *see LaRue I*, Dkt. 157.[2] LaRue declined to amend but elected to oppose SDC's motion instead. In its opposition to SDC's motion to dismiss, LaRue improperly discussed the contents of confidential settlement communications "regarding additional infringing listings discovered subsequent to the filing of this lawsuit[.]" *Id.*, Dkt. 167 at 10.

**B.    Plaintiffs Filed *LaRue II* The Day Before The Status Conference On SDC's Motion to Dismiss in *LaRue I***

On December 13, 2023, the day before the status conference regarding SDC's motion to dismiss in *LaRue I*, Plaintiffs filed this new action. In *LaRue II*, Plaintiffs assert copyright infringement claims against the same purported defendants (now identified by name), SDC and Roadget. Eight of the eleven copyright registrations[3] (and underlying photographs) alleged in *LaRue II* were also asserted in *LaRue I*, including against Defendants, but without specifically identifying the product listings at issue. The *LaRue II* Complaint accuses Defendants of the same

---

[2]    LaRue indisputably had knowledge of the specific claims asserted here in *LaRue II* no later than May 2023, if not earlier.

[3]    *Compare LaRue I*, Dkt. 1 ¶ 12 *with LaRue II* Dkt. 1 ¶ 15 (both alleging VA0002311820, VA0002311821, VA0002311884, VA0002303096, VA0002313258, VA0002317270, VA0002298867, VA0002307258).

misconduct—the display of violative images on the SHEIN website (us.shein.com) without authorization—taking place within the same time period as the displays in *LaRue I*—and well before LaRue's deadline to amend without leave of court in *LaRue I* lapsed. *Compare LaRue I* Dkt. 1 ¶¶ 27-28, 35 & p. 86 (Doe 167); Dkt. 1-35 at 24-25 *with LaRue II*, Dkt. 1 ¶¶ 3, 27, 54. Ms. Brown now joins Plaintiff in the *LaRue II* Complaint to assert violations of Ms. Brown's right of publicity under Florida law based on almost entirely the same photographs as asserted in *LaRue I*.

On December 14, 2023, the Court held a status conference regarding SDC's motion to dismiss in *LaRue I*. *LaRue I*, Dkt. 170. LaRue did not inform the Court or SDC that it had filed *LaRue II* the day before. On February 28, 2024, this Court granted SDC's motion to reassign *LaRue II*, over Plaintiffs' opposition, finding that the two cases were related. Dkt. 178.

### C.     LaRue's Alleged Copyrights in Photographs

The following facts are nearly identical to those alleged in *LaRue I*. LaRue is owned by Arianne Brown, an alleged painter whose works Plaintiffs claim are "digitally transferred" onto clothing sold by LaRue online. *LaRue II*, Compl. ¶¶ 6-7. LaRue claims to own eleven copyright registrations (the "Asserted Registrations") in collections of approximately 2,082 published photographs (the "Asserted Photographs"), that LaRue claims depict garments worn by Brown displaying her alleged paintings. *Id.* ¶ 15. The Asserted Registrations do not encompass the alleged garments or the designs they depict. *Id.* ¶¶ 7, 15. Plaintiffs do not claim to have ever sold, distributed, licensed, or offered for sale any of the Asserted Photographs. *See generally id.* Plaintiffs claim no exclusive right to sell garments or designs Ms. Brown allegedly created, presumably because they have no such exclusive rights. *See generally id.*

LaRue specifically includes fifty-seven (57) images in Exhibit 1 to the *LaRue II* complaint as "exemplary deposit copies of the respective Copyright Material being asserted in this matter," forty of which were already asserted in *LaRue I*. *LaRue II*, Dkt. 1 ¶ 15 & Ex. 1 at 71-90; *supra* at

2 n.1.[4]

### D.  Ms. Brown's Alleged Modeling Work

Ms. Brown, a Florida resident, claims to have "modeled for many years." *LaRue II*, Dkt. 1 ¶ 8. "Exemplary images" of Ms. Brown's purported prior "modeling work" each show Ms. Brown facing the camera and prominently depict her face, and one photograph also identifies her by name, as reproduced below. *Id.* ¶ 10.



### E.  The Accused Images

Plaintiffs allege that http://us.shein.com (the "Website") and "product listings, and promotions" thereon have "used the Ramona LaRue Copyrighted Material, photographs and the likeness of Ms. Brown without Plaintiffs' permission" to "promote and advertise for sale non-genuine, illegitimate, and copycat imitations of Ramona LaRue products"—products in which Plaintiffs own no copyright registrations and claim no exclusive intellectual property rights. *LaRue II*, Dkt. 1 ¶¶ 24, 26.  Representative examples of the sixty images from the us.shein.com website alleged to be at issue (the "Accused Images") are reproduced below:

---

[4]      Ms. Brown asserts claims for violation of her right of publicity in these 57 images, as well as three additional images.



The above images were not cropped or altered by Defendants for this Motion but show the Accused Images exactly as they are alleged in the Complaint. *See LaRue II*, Dkt. 1 ¶¶ 28-50 (identifying the Accused Images by red arrow). Notwithstanding the fact that Ms. Brown is unidentifiable in *any* of the images, Mr. Brown claims that all sixty of the images violate her right of publicity under Fla. Stat. § 540.08.

## III.   THE COMPLAINT VIOLATES THE RULE AGAINST CLAIM SPLITTING

### A.   Legal Standard

The rule against claim splitting, a form of *res judicata*,[5] requires a plaintiff to bring all claims arising out of the same or nearly the same set of facts in a single suit. *Nalco Co. v. Chen*,

---

[5]   When the affirmative defense of *res judicata* is disclosed in the complaint, "it provides a proper basis for a Rule 12(b)(6) motion." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). The Court may properly take judicial notice of the filings in *LaRue I* when applying the

843 F.3d 670, 674 (7th Cir. 2016) (holding that the claimant "was obliged to raise all claims that stem from the same transaction or series of related transactions (what courts sometimes call the 'core of operative facts')" in one suit); *Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2021) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions"); *Czarniecki v. City of Chicago*, 633 F.3d 545, 550 (7th Cir. 2011) (holding that two claims are one if based on "the same, or nearly the same" factual allegations). The rule bars claims that "could have been raised in the first litigation." *Eggs v. Rembrandt Enters.*, 953 F.3d 998, 1002 (7th Cir. 2020); *see also Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (holding that *res judicata* bars claims that could have been litigated in the first lawsuit). "[U]nlike traditional claim preclusion, the bar against claim splitting can be applied before either action reaches a final judgment on the merits." *Anderson v. Guaranteed Rate, Inc.*, Case No. 13-cv-431, 2013 WL 2319138, at *4 (N.D. Ill. May 28, 2013); *Scholz*, 18 F.4th at 952; *Digital Dynamics Soft., Inc. v. Eclipse Gaming Sys., LLC*, Case No. 18-cv-892, 2018 WL 2563378, at *10 (N.D. Ill. June 1, 2018) (granting defendant's motion to dismiss a second action on claim splitting grounds).

If a court finds that the plaintiff has engaged in improper claim splitting, it has "significant latitude" and "broad discretion" to dismiss the complaint. *Scholz*, 18 F.4th at 951; *Kim v. Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 939 (N.D. Ill. 2006) (district court has "a great deal of latitude and discretion in determining whether one action is duplicative of another"). In addition to conserving judicial resources and reducing the risk of inconsistent judgments, *see B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015), the rule is "necessary to prevent, or at least to minimize the likelihood of, judge shopping and forum shopping." *See Brown v. City*

---

rule against claim splitting. *See Scholz v. United States*, Case No. 19-cv-1074, 2020 WL 3051565, at *1 (E.D. Wis. June 8, 2020), *aff'd*, 18 F.4th 941 (7th Cir. 2021).

*of Chicago*, 771 F.3d 413, 415 (7th Cir. 2015) (applying Illinois state law equivalent of the federal common law doctrine).[6]

"[C]ourts utilize a case-by-case approach to determine if a particular factual situation constitutes a single transaction or occurrence" for purposes of the rule. *Vitalgo, Inc. v. Kreg Therapeutics, Inc.*, Case No. 16-cv-5577, 2017 WL 1163741, at *6 (N.D. Ill. Mar. 29, 2017). "[I]nstead of looking myopically at the specific legal theories asserted or individual facts alleged to find an exact match, the Court looks to the transactions underlying the [earlier lawsuit] as a whole, not just those specifically attached to the [] claims." *Digital Dynamics*, 2018 WL 2463378, at *5; *compare VitalGo*, 2017 WL 1163741, at *6 (where claimant was aware of the defendant's infringing trademark use four months after asserting claims in the first lawsuit claimant "could have asserted" the claims in the first lawsuit).

Further, "a party may not avoid the rule against claim splitting by slightly altering the parties in subsequent actions." *Czarniecki*, 633 F.3d at 549; *VitalGo*, 2017 WL 1163741, at *7 (dismissing claims in second action despite their assertion by an added plaintiff and against an added defendant not party to the first action). The rule applies even where a plaintiff seeks a different type of relief in the second action. *Sommerfield v. City of Chicago*, Case No. 08-cv-3025, 2013 WL 4047606, at *13 (N.D. Ill. Aug. 9, 2013) (precluding recovery of compensatory damages asserted in second action based on the same "underlying course of conduct and alleged injuries").

---

[6]     "The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where, as here, two federal judges sitting on the same district court are . . . devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." *Serlin v. Arthur Andersen Co.*, 3 F.3d 221, 224 (7th Cir. 1993) (internal quotation marks omitted).

### B.     The Complaint Violates The Rule Against Claims Splitting

Here, LaRue and Ms. Brown's claims arise out of the same set of operative facts as LaRue's claims in *LaRue I*. Out of the eleven copyright registrations in collections of published photographs asserted in *LaRue II*, eight were previously asserted in *LaRue I*. *Compare LaRue I*, Dkt. 1 ¶ 12 *with LaRue II* Dkt. 1 ¶ 15. All of Plaintiffs' claims in *LaRue II* arise out of the display of images in garment product listings on the website us.shein.com around approximately the same time (within the same six-month period) as the displays in *LaRue I*. *See LaRue I*, Dkt. 167 at 6. LaRue relied on and alluded to the Accused Images (and acknowledged its ability to amend its pleadings to assert them specifically) to oppose to SDC's motion to dismiss in *LaRue I*. *See Scholz*, 18 F.4th at 953-54 (rejecting the plaintiff's "creative attempt to bifurcate the basis of her claims in each lawsuit" as "belied by her repeated positions in" responding to dispositive motions in the earlier suit). In opposing SDC's motion to dismiss *LaRue I* for failure to timely serve under Federal Rule of Civil Procedure 4(m), LaRue also argued that the unidentified Doe 167 in *LaRue I* was in fact Roadget, a foreign entity, not SDC, which LaRue believed (incorrectly) would excuse its untimely service. *LaRue I*, Dkt. 167 at 2, 6, 7. This case is textbook, improper, claims-splitting.

The addition of Ms. Brown as a party, and her assertion of an additional legal theory arising out of the same displays of infringing copies of photographs covered by the same registrations asserted by LaRue in *LaRue I*, does not legitimize this duplicative lawsuit. *See Scholz*, 18 F.4th at 950 (holding that changing the legal theory while asserting "the same transaction or events underlying a previous suit" is not enough to escape the rule against claim splitting); *Czarniecki*, 633 F.3d at 549. With knowledge that Defendants intended to raise claims splitting in *LaRue II* (*see LaRue I*, Dkt. 174 ¶ 11), Plaintiffs could have sought leave of court to specifically add Ms. Brown and these claims in *LaRue I* at any time during the last year, but instead elected to multiply proceedings, drive-up Defendants' costs, and hope for a different judge by: (1) opposing SDC's

motion to dismiss in *LaRue I*; (2) subsequently file *LaRue II*; and (3) oppose SDC's patently appropriate motion to reassign. Plaintiffs' failure to simply amend in *LaRue I* is alone evidence of the unlawful nature of this second action. *See Svendsen v. Ill. Dep't of Pub. Health*, Case No. 22-cv-1269, 2023 WL 1771240, at \*4 (C.D. Ill. Feb. 3, 2023) (dismissing claims in second-filed suit for claims splitting where plaintiffs "had an opportunity which they did not take, to amend [the first action] to add" additional statutory claims asserted in the second suit).

The Court should not tolerate Plaintiffs' claims-splitting, judge shopping and multiplication of proceedings. This case should be dismissed.

## IV. <u>MS. BROWN CANNOT STATE A CLAIM FOR VIOLATION OF A RIGHT OF PUBLICITY</u>

### A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

A complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), the allegations must "raise the possibility of relief above the speculative level." *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 925 (N.D. Ill. 2013). The complaint "must contain more than mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action.'" *Huon v. Denton*, 841 F.3d 733, 738 (7th Cir. 2016). The Court is "'not bound to accept as true a legal conclusion couched as a factual allegation'" and must "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64, 678. The Court may consider documents that are attached to or incorporated by reference into the complaint and matters subject to judicial notice. *Tellabs v. Makor Issues Rights*, 551 U.S. 308, 322 (2007); *Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir. 2013) (noting the Seventh Circuit "has taken a relatively expansive view of the documents that a district court properly may consider in disposing of a motion to dismiss").

### B.     The Accused Images Do Not Plausibly Identify Ms. Brown.

Ms. Brown's right of publicity claim under Section 540.08 requires her to establish the same elements as a common law invasion of privacy through misappropriation of likeness.[7] The claim requires Ms. Brown to plausibly allege that she is publicly identifiable in the Accused Images. *Epic Metals Corp. v. Condec, Inc.*, 867 F. Supp. 1009, 1017 (M.D. Fla. 1994) ("[Counterclaimant] is required to prove that he has been publicly identified as a prerequisite to recovery on his [common law misappropriation of likeness] counterclaims."); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998) (holding that "in order to constitute [Plaintiff's] likeness, the pitcher depicted in the advertisement must be readily identifiable as [Plaintiff]").

No actionable commercial exploitation occurs where a plaintiff is not identifiable in the allegedly unauthorized use. *Epic Metals*, 867 F. Supp. at 1016 ("The publication is harmful because of the way it associates the individual's name or personality with the product. . . . It is not enough that the publisher make money through sales of product, but that *the name or photograph distinguishes the product to rise to the level of commercial exploitation prohibited by statute*." *Epic Metals*, 867 F. Supp. at 1016 (emphasis added)  (holding that a photograph used in connection with the sale of deck material did not constitute "commercial exploitation" because the claimant was "not identified" by the photograph); *see also Valentine v. C.B.S., Inc.*, 698 F.2d 430, 433 (11th Cir. 1983) ("The use is actionable under the statute because of the way the defendants associate *the individual's name or personality* with something else") (emphasis added). The statute is also

---

[7]     *See Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1320 n.1 (11th Cir. 2006) (finding that the elements of both claims are "substantially similar"); *Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205, 1220 (M.D. Fla. 2002) (stating that the elements of the common law claim "coincide with the elements of unauthorized publication of name or likeness in violation of Fla. Stat. § 540.08") (citing *Loft v. Fuller*, 408 So. 2d 619, 622 (Fla. 4th DCA 1981)).

expressly inapplicable to "[a]ny photograph of a person solely as a member of the public and where such person is not named or otherwise identified in or in connection with the use of such photograph." Fla. Stat. § 540.08(4)(c); *Epic Metals*, 867 F. Supp. at 1017 (exception applied to a where claimant was not visually identifiable in the photograph, or named in the brochure in which it was displayed).

Ms. Brown does not, and cannot, plausibly allege that she is identifiable in any of the Accused Images, and even if she were, it is only as a general member of the public, for which she has no right of publicity claim. The Accused Images depict only a generic female body without any features that could identify Ms. Brown (such as her face):



*LaRue II*, Dkt. 1 ¶¶ 28-50 (alleging other Accused Images with red arrows); *see also* Dkt. 1-2.

Ms. Brown does not allege, and cannot plausibly allege, that she is identified by the public by her legs, torso, or back, let alone when draped by long, flowing material, with neither her face nor name in sight. Indeed, and in direct contrast to the Accused Images, the modeling photos she alleges each prominently depict her face, if not also her name. *LaRue II*, Dkt. 1 ¶ 10. The case of *Young v. Greystar Real Estate Partners*, Case No.: 3:18-cv-02149, 2019 WL 4169889 (S.D. Cal. Aug. 31, 2019) is instructive to Ms. Brown's lack of right of publicity claim here. In that case, the plaintiff alleged that the defendant, an apartment complex owner, posted a personal photograph depicting the plaintiff on its social media pages to advertise the complex in violation of plaintiff's right of publicity under California law. 2019 WL 4169889, at *1. Despite the plaintiff's claim that his "entire frame [was] depicted," the court employed common sense to grant the defendant's

motion to dismiss because the plaintiff was not identifiable in the image; the court found that "the only visible facial characteristic [was] a small, shadowy sliver of the individual's chin," and the image "could be of any countless number of white males." *Id.* at *4 (explaining that "[t]he . . . viewable aspects of the depicted individual's frame (*back, the backside of his arms and frontside of his legs and feet*) are common, plain, and non-identifying"); *see also Epic Metals*, 867 F. Supp. at 1016 (holding that "only [claimant's] head and shoulders [were] visible," and his "features [were] unrecognizable" in the accused photograph, so he was not identifiable or commercially exploited). Here, as in *Young* and *Epic Metals*, the Accused Images only depict common, non-identifying features and do not and cannot plausibly violate Mr. Brown's right of publicity under Florida law.

## V.     MS. BROWN HAS NO CLAIM FOR PUNITIVE DAMAGES

Ms. Brown's claim for punitive damages under the same statute should be dismissed or stricken because she has not alleged, and cannot plausibly allege, that an employee of SDC or Roadget is guilty of "intentional misconduct or gross negligence" as required by Fla. Stat. § 768.72. Ms. Brown's claim for punitive damages under Fla. Stat. § 540.08(2) is subject to the pleading requirements of Fla. Stat. § 768.72. *See WFTV, Inc. v. Hinn*, 705 So. 2d 1010, 1011 (Fla. 5th DCA 1998).

To allege entitlement to punitive damages against a "principal, corporation, or other legal entity," Ms. Brown must at minimum allege plausible facts that, if true, would establish that an employee or agent of the corporation was "personally guilty of intentional misconduct or gross negligence" as defined by Fla. Stat. § 768.72(3); *Pinnacle Prop. Mgmt. Servs. v. Forde*, 372 So. 3d 292, 296 (Fla. 4th DCA 2023) (holding that the trial court erred in granting leave to plead punitive damages, where the claimant failed to allege facts that would establish intentional misconduct or gross negligence "equivalent to the conduct involved in criminal manslaughter" and

failed to allege facts establishing "culpable conduct *at both* the employee level and the corporate level"); *see also Coronado Condo. Ass'n, Inc. v. La Corte*, 103 So. 3d 239, 241 (Fla. 3d DCA 2012) (holding that claimant failed to allege facts showing employees' misconduct amounted to intentional misconduct or gross negligence, let alone that the defendant corporation engaged in "active, knowing participation in, or consent to," that misconduct). In addition to the statutory elements set forth in section 768.72, "caselaw imposes additional restrictions on punitive damage claims, which 'are reserved for truly culpable behavior and are intended to express society's collective outrage." *Pinnacle*, 372 So. 3d at 296 ("The conduct must be sufficiently reprehensible, outrageous, and extreme to permit punishment.").

A claim for punitive damages cannot be based on conclusory allegations alone. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001) (stating that a plaintiff cannot state a claim by "merely setting forth conclusory allegations in the complaint" and "Florida courts entertain the punitive damage issue by way of a motion to dismiss or a motion to strike"); *Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1542-43 (S.D. Fla. 1989) (striking request for punitive damages based on conclusory allegations); *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1312 (M.D. Fla. 2010) (holding that the plaintiff could not rely on "conclusory" assertions of entitlement to punitive damages under section 540.08).

Here, Ms. Brown does not allege any conduct other than Defendants' alleged display of the Accused Images without authorization. She therefore fails to allege any "intentional, wanton and malicious" conduct that could entitle her to punitive damages. *See Coton*, 740 F. Supp. 2d at 1312 (holding that the unauthorized of plaintiff's self-portrait alone, without more, was insufficient to meet the "'high standard' necessary for the imposition of punitive damages"). Further, Ms. Brown fails to allege *any* conduct by an individual employee or agent of Defendants, let alone

"culpable conduct *at both* the employee level and the corporate level," as the law requires. *See Taiwan Semiconductor Mfg. Co., Ltd. v. Tela Innovations, Inc.*, Case No. 14-cv-00362, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014) (granting motion to strike conclusory allegations of "willful and malicious" conduct by the defendant corporation entitling plaintiff to punitive damages under California statute similar to Florida statute and holding that "Plaintiff's failure . . . to include the names or titles of *any* individual actor is a fatal defect in its pleading . . . against a defendant corporation"). Ms. Brown's claim for punitive damages should be dismissed or stricken.

## VI.     CONCLUSION

Based on Plaintiffs' judge-shopping, claims splitting, and duplication of proceedings, and Ms. Brown's facial failure to allege any facts that could plausibly support a right of publicity claim or punitive damages, Defendants respectfully request that this Motion be granted and leave to amend denied.

Respectfully Submitted,

Dated: March 25, 2024                     SHEIN DISTRIBUTION CORPORATION

By:   /s/  *Rebekah S. Guyon*
Rebekah S. Guyon *(admitted pro hac vice)*
GuyonR@gtlaw.com
David H. Marenberg (*pro hac vice pending*)
marenbergd@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel.: 310-586-7700; Fax: 310-586-7800

Barry R. Horwitz
Barry.Horwitz@gtlaw.com
Jacqueline Brousseau
Jacqueline.Brousseau@gtlaw.com
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

Tel: 312-456-8400; Fax: 312-456-8435

*Counsel for Defendant Shein Distribution Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: March 25, 2024                    /s/ *Rebekah S. Guyon*