UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ramona LaRue, Inc., and Arianne Brown

    Plaintiffs,

v.

Roadget Business PTE. Ltd. and Shein Distribution Corp.,

    Defendants.

Case No. 23 C 16743

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Defendants Roadget Business PTE Ltd. ("Roadget") and Shein Distribution Corp. ("SDC") have moved to dismiss all claims brought by Plaintiffs Ramona LaRue, Inc. ("LaRue") and Arianne Brown and to strike Brown's request for punitive damages. (ECF No. 22.) For the reasons below, the Court grants the motion in part and denies it in part. The Court dismisses Plaintiffs' claims related to the copyrights LaRue previously asserted against SDC in its prior case; it declines to dismiss those claims as to the copyrights LaRue newly asserts in this case. The Court also strikes Brown's request for punitive damages.

## Background

According to Plaintiffs' complaint, LaRue is a Florida corporation that sells garments designed by Brown, its owner and a professional model who models each of LaRue's garments. (Compl. ¶¶ 5–11, ECF No. 1.) Certain photographs of Brown modeling these garments are copyrighted and are shown on LaRue's website and social-media accounts. (Id. ¶¶ 12–15.) LaRue's merchandise has been subject to alleged counterfeiting, including using LaRue's copyrighted photographs featuring Brown modeling its garments in advertisements for knock-off products. (Id. ¶ 21.) Plaintiffs allege that certain of Defendants' product pages do this by

cropping the photographs to remove Brown's face and ultimately sell knock-off products, as shown in the following example:

**LaRue's Copyrighted Photograph**  **Defendants' Photograph**

 

(*Id.* ¶ 28; *see also id*. ¶¶ 29–50.)

Plaintiffs allege Defendants' images both infringe LaRue's copyrights under federal law and publish Brown's likeness without authorization under Florida state law. Among Plaintiffs' requested relief, Brown requests punitive damages under Florida state law related to her right-of-publicity claim.

***LaRue I***

In November 2022, LaRue sued over 160 defendants associated with various online storefronts for allegedly infringing ten of its copyrights in *Ramona LaRue, Inc. v. The Entities and Individuals Identified in Annex A*, No. 22-CV-6177 ("*LaRue I*").[1] One of the defendant

---

[1] The ten asserted copyrights in *LaRue I* are Registration Nos. VA0002311820, VA0002311821, VA0002311884, VA0002303096, VA0002313258, VA0002311886, VA0002317270, VA0002298867, VA0002311525, and VA0002307258.

storefronts was "Doe 167," initially identified as "Emry [sic] Rose," which displayed an allegedly infringing image on a single product page on SDC's website, http://us.shein.com. The Court understands that Emery Rose is a trademark owned by Roadget, which itself is affiliated with SDC. In August 2023, LaRue provided a copy of its complaint to SDC. In September 2023, LaRue sought and was granted leave to amend its list of defendant storefronts to name SDC rather than Emery Rose as Doe 167.

LaRue eventually resolved its claim against most defendants, but not against SDC. SDC moved to dismiss LaRue's complaint in *LaRue I*, which the Court addresses and resolves concurrently in a separate order in that case.

***This case***

On December 13, 2023, LaRue and Brown sued Roadget and Schein again in this District, this time re-alleging (1) copyright infringement based on eight of the same copyrights asserted in *LaRue I*, though omitting the product page targeted in *LaRue I* and identifying additional product pages as the grounds for the alleged infringement; (2) copyright infringement based on three other copyrights,[2] which were not asserted in *LaRue I*; and (3) violation of Brown's right of publicity under Fla. Stat. § 540.08, including associated punitive damages. (*See generally* Compl.) Given the relatedness between *LaRue I* and this case, the case was reassigned to this Court. *LaRue I*, ECF No. 178.

---

[2] The three newly asserted copyrights are Registration Nos. VA0002344082, VA0002340705, and VA0002349605. LaRue does not reassert Registration Nos. VA0002311886 and VA0002311525, which were asserted in *LaRue I*.

3

In March 2024, Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) based on alleged claim-splitting and other grounds, which the Court now considers. (ECF No. 22.)

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard requires a complaint to contain sufficient "[f]actual allegations" to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). However, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## Discussion

The Court first addresses Defendants' argument that Plaintiffs have engaged in improper claim-splitting, then considers their arguments that Brown's right-of-publicity claim and associated punitive damages fail.

### I.     Claim-splitting

Defendants argue that both LaRue's copyright claims and Brown's right-of-publicity claims should have been brought in *LaRue I* and thus constitute improper claim-splitting and should be dismissed. The claim-splitting doctrine is a form of res judicata, which "protects defendants from plaintiffs who split their claims into multiple actions." *Chicago Title Land Tr. Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1081 (7th Cir. 2011); *see also Nalco Co. v. Chen*, 843 F.3d 670, 674 (7th Cir. 2016). Under the doctrine, "a party cannot avoid the effects of res judicata by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive suits. Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions." *Kim v. Sara Lee Bakery Grp., Inc.*, 412 F. Supp. 2d 929, 941 (N.D. Ill. 2006) (cleaned up). This does not require a final judgment on the merits in the prior action. *Id.* The question for the Court is whether this case arises out of the "same transaction or series of transactions" as *LaRue I*—if so, then it is barred. The Court concludes that claim-splitting applies to most of Plaintiffs' copyright and right-of-publicity claims.

Plaintiffs argue that claim-splitting does not apply because this case (1) adds Brown as a plaintiff and Roadget as a defendant; (2) adds a right-of-publicity claim; and (3) adds new copyright-infringement claims and different types of infringement, including those discovered after *LaRue I* was filed. Defendants counter that claim-splitting applies to all claims because this

5

case and *LaRue I* involve the same core operative facts and series of transactions as they include several overlapping copyrights and SDC's same website.

As to LaRue's copyright claim, claim-splitting applies to the eight copyrights already asserted against SDC in *LaRue I*. Though LaRue seemed to target only a single SDC product page in its complaint in *LaRue I* and did not provide specific allegations against other product pages related to other copyrighted works, LaRue nevertheless asserted all copyrights against SDC and was aware of other product pages it could target to prove its copyright claim. LaRue argued in its opposition to SDC's motion to dismiss in *LaRue I* that the parties had for months discussed the case, exchanged "documents regarding additional infringing listings," and, in LaRue's view, were moving "towards amicable resolution of the claims." *LaRue I*, ECF No. 167 at 6. LaRue thus appeared to understand that its claims in *LaRue I* covered the additional product listings that it had not yet formally asserted against SDC. But even though LaRue had ample time to amend its complaint to target those product pages as part of its copyright claim in *LaRue I* (and did not request additional time to do so), it instead split its copyright claim to reassert the same eight copyrights against SDC and Roadget in this case. *See* Fed. R. Civ. P. 15(a)(1)(B) (giving parties 21 days to amend their pleadings as a matter of course following a motion to dismiss).

The product pages that LaRue did not focus on in *LaRue I* for its copyright claim against SDC constitute different grounds and evidence, but not a different claim, transaction, or series of transactions, for claim-splitting purposes. *See Chicago Title Land Tr.*, 664 F.3d at 1080 (claim-splitting "permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction"). In *LaRue I*, LaRue alleged that all defendants, including SDC, "commonly use the Ramona LaRue

6

Copyrighted Material without Plaintiff's permission" and "have infringed and continue to infringe the Copyrighted Material . . . on the Defendants' product listings"; asked that all defendants be enjoined from "reproducing, distributing copies of, making derivative works of, or publicly displaying the Copyrighted Material," without limitation; and asked that SDC and others be forced, on LaRue's request, to "cease displaying any advertisements in any form . . . in connection with the sale of infringing goods under the Ramona LaRue Copyrighted Material." (*LaRue I*, ECF No. 1 at 8, 10–12.) *LaRue I* thus covered not only one product page on SDC's website, but all product pages on SDC's website covered by the copyrights asserted in that case. Nevertheless, LaRue decided to pursue a copyright-infringement theory against SDC that focused on only one of its product pages and declined to expand its theory to cover grounds, theories, and evidence contained in additional product pages despite knowing of those additional product pages and having ample opportunity to do so. It therefore cannot reassert its copyright claim as to its eight previously asserted copyrights based on those additional theories, grounds, and evidence. *See Carr v. Tillery*, 591 F.3d 909, 913–14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of res judicata."); *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) ("[A] mere change in the legal theory does not create a new cause of action.") (cleaned up); *Kim*, 412 F. Supp. 2d at 944 ("The Second Action asserts the identical patent against the identical Sara Lee products that were at issue—or at least should have been pursued and put at issue—in the First Action. Therefore, the Second Action should be dismissed [because] it is barred by the prohibition on claim splitting.").

Adding Roadget as a defendant in this case does not change the outcome. "[A] party may not avoid the rule against claim splitting by slightly altering the parties in subsequent actions," and the doctrine will still apply "[i]f the new parties are in privity with the parties in the original action." *Digital Dynamics Software, Inc. v. Eclipse Gaming Sys., LLC*, No. 18 C 892, 2018 WL 2463378, at *8 (N.D. Ill. June 1, 2018) (cleaned up). Roadget is affiliated with SDC, as LaRue previously identified—indeed, LaRue attempted to serve Roadget as the defendant Doe 167 in *LaRue I* before substituting its affiliate SDC as the proper defendant. LaRue does not dispute that Roadget is in privity with SDC, so formally adding Roadget as a defendant does not prevent claim-splitting.

However, claim-splitting does not apply to the three copyrights that LaRue did not assert in *LaRue I*: Registration Nos. VA0002344082, VA0002340705, and VA0002349605. Those copyrights were not registered until 2023—after LaRue had already filed her copyright claim in *LaRue I* based on then-existing copyrights. (*See* Compl. ¶ 15.) *LaRue I* concerned only any images on SDC's and other websites that allegedly infringed the particular asserted copyrights in that case. LaRue's other copyrights, including those registered in 2023 and now asserted in this case, were not part of LaRue's claim in that case, and Defendants do not explain why distinct, later-obtained copyrights should have been added to *LaRue I* and are subject to claim-splitting. LaRue thus may assert its three later-obtained other copyrights in this case. The Court accordingly does not dismiss LaRue's copyright claim as to Registration Nos. VA0002344082, VA0002340705, and VA0002349605.

Brown's right-of-publicity claim is similarly subject to partial dismissal. Her claim is based on the same allegedly wrongful conduct—misusing LaRue's copyrighted works featuring Brown's likeness—as LaRue's copyright claim. This means that as to the eight copyrights LaRue

already asserted in *LaRue I*, Brown's right-of-publicity claim arises from the same alleged use of the same copyrighted photographs, and thus from the same transaction or series of transactions as *LaRue I*. *See VitalGo, Inc. v. Kreg Therapeutics, Inc.*, No. 16-CV-5577, 2017 WL 1163741, at *5 (N.D. Ill. Mar. 29, 2017) ("Plaintiffs' claims in the current lawsuit that Defendants' advertisements and promotional materials . . . infringed on Plaintiff's [trademark and copyrights] are based on the same set of operative facts: Kreg's advertising of the Total Lift Beds."); *see also Openmind Solutions, Inc. v. Doe*, No. 12-21098-CIV, 2012 WL 13059259, at *1 (S.D. Fla. June 11, 2012) ("While the present complaint includes two counts . . . not included in the earlier filed action, both are related to the alleged infringement of the same copyright, and therefore arise from the same transaction."). Like LaRue's copyright claim, Brown's claim thus is precluded as to the eight copyrights previously asserted in *LaRue I*.

Just as it does not matter that Roadget was not a defendant in *LaRue I*, it does not matter that Brown was not a plaintiff in *LaRue I*—Brown owns LaRue, and Plaintiffs do not dispute that they are in privity with each other. *See Studio Art Theatre of Evansville, Inc. v. City of Evansville*, 76 F.3d 128, 131 (7th Cir. 1996) (finding a corporation and its president were "clearly in privity"); *VitalGo*, 2017 WL 1163741, at *7 (finding privity between a corporation and its "founder, owner, president, and CEO"). Adding Brown as a plaintiff thus does not defeat claim-splitting.

Still, for the same reasons claim-splitting does not apply to LaRue's copyright claim for photographs associated with the three copyrights that LaRue did not assert in *LaRue I*, it does not apply to Brown's right-of-publicity claim related to those same photographs.

As a final point, Plaintiffs also argue that (re)asserting claims via a separate action rather than incorporating them in *LaRue I* was more administratively efficient: it avoided further

9

complicating a case that had included hundreds of defendants and product webpages, associated discovery, settlement negotiations, and other burdens on the parties and the Court. However, those circumstances were entirely of Plaintiffs' own creation. Plaintiffs alone decided to assert an omnibus copyright claim involving several copyrights and hundreds of defendants but not pursue all grounds or theories available to them for that claim, thus putting themselves on the hook for potential claim-splitting against all defendants, including SDC and Roadget.

Though Plaintiffs claim to have had the Court's administrative efficiency top-of-mind, they never informed the Court of their plans—for example, they did not tell the Court during a December 14, 2023, status hearing in *LaRue I* that they had filed this case the day before. (*See LaRue I*, ECF No. 170.) Had Plaintiffs done so, perhaps the Court would have asked them to file a separate case rather than amending their complaint in *LaRue I* to assert additional copyright grounds and a right-of-publicity claim. That would have allowed Plaintiffs to avoid Defendants' claim-splitting challenge. *See* Restatement (Second) of Judgments § 26(1)(b) (1982) (stating that claim-splitting does not apply when "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action"). But as prudent as Plaintiffs claim to have been in their actions, this does not justify ignoring the claim-splitting doctrine and does not excuse Plaintiffs' "ready, fire, aim" approach to the copyrights they asserted in *LaRue I* and now attempt to reassert alongside a right-of-publicity claim. *See Chicago Title Land Tr.*, 664 F.3d at 1081 (plaintiffs "split their cause of action—and they can't make an argument for 'fundamental unfairness' without ignoring that basic fact"); *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 16 (1st Cir. 2010) ("Under these circumstances, and given Airframe's strategic choice of litigation tactics, Airframe is not entitled to a second opportunity to litigate this claim."). Claim-splitting

thus precludes Plaintiffs' claims related to the eight copyrights LaRue previously asserted in *LaRue I*, but not their claims related to the three copyrights not asserted in *LaRue I*.

## II. Failure to state a claim

As for Brown's remaining right-of-publicity claim and associated punitive damages, Defendants argue Brown has failed to state a claim. The Court disagrees as to Brown's right-of-publicity claim but agrees as to her request for punitive damages.

### a. Right-of-publicity claim

Under Florida state law, "[n]o person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use given by [s]uch person." Fla. Stat. § 540.08(1). A person whose likeness is so used may bring a statutory action for injunctive relief and damages, and the elements of a statutory claim "coincide with the elements of a Florida common-law claim for invasion of privacy through commercial misappropriation of likeness. Fla. Stat. § 540.08(2); *Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205, 1220 (M.D. Fla. 2002). A claim does not arise for "[a]ny photograph of a person solely as a member of the public and where such person is not named or otherwise identified in or in connection with the use of such photograph." Fla. Stat. § 540.08(4)(c); *see also Epic Metals Corp. v. CONDEC, Inc.*, 867 F. Supp. 1009, 1017 (M.D. Fla. 1994) (to succeed, a plaintiff "is required to prove that he has been publicly identified").

The issue here is fairly straightforward—can Brown bring a right-of-publicity claim even though her face has been entirely or almost entirely cropped out of each of the accused photographs on SDC's website? The Court concludes that she can.

In the complaint, Brown does not allege in any detail what her "likeness" is or how it is contained in the accused photographs even though the photographs do not show her face, but does argue in Plaintiffs' response brief that her likeness includes her "physical appearance" other than her face, and her "clothing style, pose, and artistic imagery." (ECF No. 30 at 12–13.) Though a "complaint may not be amended by the briefs in opposition to a motion to dismiss," *Velez v. RM Acquisition, LLC*, 670 F. Supp. 3d 620, 640 (N.D. Ill. 2023) (cleaned up), the Court considers arguments that are consistent with Plaintiffs' complaint, including Plaintiffs' arguments about what constitutes Brown's likeness. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) ("[F]acts alleged by a plaintiff in a brief in opposition to a motion to dismiss may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint.") (cleaned up).

At first glance, the cropped photographs at issue appear to depict little more than an unidentified model wearing the designs sold on SDC's product pages. However, at this stage, the Court takes Brown's allegations in the light most favorable to her, including as to Brown's likeness—especially since there is no dispute that the photographs are of Brown—and recognizes that a person can be readily identifiable even without their face. In one case, for example, the Ninth Circuit found a triable likeness issue where a drawing depicted a professional baseball player's singular pitching stance, which "could be so distinctive so as to make that player readily identifiable, regardless of the visibility of his face or the markings on the uniform," along with a similar skin color. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692–93 (9th Cir. 1998). Similarly, another court found that a plaintiff had plausibly alleged that Michael Jordan was readily identifiable on another player's basketball card because, even though the image at issue was a small "picture of a teammate in a shadowy background" in the corner of the card and

12

Jordan's "name and number on the jersey [were] not identifiable," "a basketball fan, through context, may immediately identify Jordan, by his build, skin color, or by being a fellow teammate . . . as the player in the background," and "Defendant is aware the image is of Jordan." *Upper Deck Co. v. Panini America, Inc.*, 469 F. Supp. 3d 963, 985–86 (S.D. Cal. 2020).

Here too, it is at least plausible at this stage that someone seeing the accused cropped photographs of Brown wearing the garments she herself designed and professionally modeled for LaRue, which in turn were shown on LaRue's website and social-media accounts, would recognize Brown in those garments even without her face. The two cases Defendants cite to support dismissal are distinguishable. First, *Epic Metals Corp. v. CONDEC, Inc.* was decided at summary judgment after a counterclaimant "testified that no one had recognized him as being depicted in the subject photograph," and there was no "evidence that any customer viewing the photograph believed [he] was endorsing the . . . product." 867 F. Supp. 1009, 1016 (M.D. Fla. 1994) (also noting that "a motion to dismiss the complaint . . . is a different standard than a motion for summary judgment"). Second, though *Young v. Greystar Real Estate Partners, LLC* was decided at the motion-to-dismiss stage, it involved a person whose viewable characteristics were "common, plain, and non-identifying," and "Plaintiff's own allegations show that Defendant was unaware of the Plaintiff's identity." No. 3:18-CV-02149-BEN-MSB, 2019 WL 4169889, at *4 (S.D. Cal. Sept. 3, 2019). Here, by contrast, Brown is a professional model and designer of the garments featured in the photographs at issue—and there is no dispute that the photographs are otherwise exact copies of ones that show her full face and have been shown on SDC's website and social-media accounts. It therefore is at least plausible that a customer would readily identify Brown in the cropped photographs, and Brown thus has stated a right-of-publicity claim as to the photographs not related to the copyrights asserted in *LaRue I*.

b.  **Punitive damages**

Because the Court dismisses Brown's right-of-publicity claim to which her punitive damages are attached as to the copyrights previously asserted in *LaRue I*, Brown's claim for punitive damages is likewise dismissed as to those copyrights. The Court also agrees with Defendants that Brown has failed to state a claim for punitive damages under Florida state law and thus strikes those allegations in total.

Under Fla. Stat. § 768.72(2), "[a] defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." This requires either (1) "intentional misconduct," meaning "that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct," or (2) gross negligence, meaning "that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." Fla. Stat. § 768.72(2). In her response brief, Brown explains that she is seeking to hold Defendants directly liable for punitive damages, not vicariously liable for actions of their employees, and so need not satisfy additional requirements in Fla. Stat. § 768.72(3). *See also Allan v. Falcon Transp. Co.*, No. 6:17-CV-1747-Orl-41GJK, 2018 WL 6626796, at *4 (M.D. Fla. Apr. 6, 2018) (finding section 768.72(3) inapplicable where plaintiffs sought to hold the defendant corporation directly liable rather than vicariously liable).

At the pleading stage, Brown's allegations must provide "a reasonable basis for an allegation that a party acted with intentional misconduct or gross negligence." *Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1264 (M.D. Fla. 2018) (cleaned up). "Conclusory allegations

14

are insufficient to provide a reasonable basis, and instead a plaintiff must plead specific acts committed by a defendant." *Id.* In the right-of-publicity context, "a significant consideration is whether the defendant knew that it lacked permission to use the plaintiff's image." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1312 (M.D. Fla. 2010). Since Brown seeks to hold the defendant entities directly liable for punitive damages, "because a corporation cannot act on its own, there must be a showing of willful and malicious action on the part of a managing agent of the corporation to establish direct punitive liability." *Florida Power & Light Co. v. Dominguez*, 295 So. 3d 1202, 1205 (Fla. Dist. Ct. App. 2019) (cleaned up). A managing agent is someone who makes policy decisions—a mid-level employee will not suffice. *Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 37 (Fla. Dist. Ct. App. 2023).

Here, Brown alleges Defendants have accessed the photographs at issue from LaRue's website or social-media accounts, "intentionally deceive and mislead consumers into believing that [they] are authorized to use the Copyrighted Material, photographs and the likeness of Ms. Brown," and "with access to and knowingly without the permission or authorization of Ramona LaRue, [] have directly reproduced, distributed, and displayed the photographs and likeness of Ms. Brown." (Compl. ¶¶ 25–26, 50.) Brown does not allege any relevant conduct by a managing agent (or any agent) of either Defendant, but instead merely alleges misconduct by Defendants generally. Because Brown fails to allege any wrongful conduct by a managing agent, she cannot establish punitive damages against either Defendant. *See Florida Power & Light*, 295 So. 3d at 1206 (reversing punitive-damages award where the purportedly grossly negligent employee was "not a managing agent for purposes of direct punitive liability"). The Court accordingly strikes Brown's request for punitive damages.

## Conclusion

The Court grants in part and denies in part Defendants' motion to dismiss and strike (ECF No. 22), dismisses Plaintiffs' copyright and right-of-publicity claims except as related to Registration Nos. VA0002344082, VA0002340705, and VA0002349605, and strikes Brown's request for punitive damages.

The parties shall file a joint initial status report, including a proposed discovery and case schedule, within twenty-one days following entry of this order.

**SO ORDERED.**                                             **ENTERED: September 26, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**